UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PREVIN COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **COMPLAINT**<br><br>Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Previn Coleman, by and through his attorneys, the Law Office of Kristin R. Brown, PLLC and the Law Offices of Elmer Robert Keach, III, PC, complaining of Defendants, alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over this action under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, et. seq. because it is filed to obtain damages for injuries suffered as a result of the negligent or wrongful act or omission of employees of the United States.

2. Venue is proper under 28 U.S.C. § 1402(b) because the events giving rise to the Plaintiff's claims occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. On or about June 21, 2014, Mr. Coleman filed an administrative claim with the Bureau of Prisons regarding the inadequate medical treatment he received. This administrative tort claim was received by the Bureau of Prisons on June 24, 2014. **See Exhibit A.** The Bureau of Prisons ("BOP") denied Mr. Coleman's Administrative claim by mail on October 15, 2015. **See**

1

**Exhibit B**. This claim is timely brought before this court, as it is filed within 6 months of the BOP's denial of Mr. Coleman's claim.

## PARTIES

4.  Plaintiff Previn Coleman is a citizen of the United States and currently resides in the Federal Correctional Institution in Fort Worth, Texas, 3150 Horton Road, Fort Worth, TX 76119.

5.  Defendant United States of America is responsible for the operation of the Federal Bureau of Prisons, as well as for the negligence of the employees of the Federal Bureau of Prisons.

## FACTS

6.  At all relevant times, Plaintiff Previn Coleman ("Mr. Coleman") was an inmate at the Federal Correctional Institution in Fort Worth, Texas. On or about June 21, 2012, Mr. Coleman was playing basketball when he fell and landed awkwardly on his left ankle. Mr. Coleman immediately felt a pop in his ankle, and excruciating pain. Mr. Coleman suffered a ruptured Achilles tendon, but only learned as much, at the earliest, on or about July 11, 2012 when he was given a Thompson test.

7.  Thereafter, Mr. Coleman immediately sought medical attention for his ankle. He was eventually evaluated by a nurse practitioner employed by the Bureau of Prisons at Fort Worth Correctional Institution, whose name may be M. Krayer. Despite Mr. Coleman's repeated requests for an MRI to determine whether there was any ligament or tendon injury, Ms. Krayer only x-rayed his ankle, which merely revealed that he had not suffered a fractured bone.

8. For the next five days Mr. Coleman repeatedly requested medical assistance from corrections and medical staff. During this time, Mr. Coleman's leg had swelled to an alarming level, had become severely bruised, and was extraordinarily painful. Mr. Coleman also could not ambulate without hopping on one leg, or receiving assistance from other inmates. Mr. Coleman was refused any medical attention, including the most basic treatment like ice or pain medication.

9. On June 27, 2012, Mr. Coleman was evaluated by medical staff in the infirmary. Despite observing Mr. Coleman's impaired mobility and severe medical distress, no meaningful medical treatment was provided to Mr. Coleman. Rather, medical staff advised Mr. Coleman that they would look into providing him with physical therapy.

10. On June 28, 2012, Mr. Coleman's ex-wife, Tina Coleman visited him at the facility. Ms. Coleman, who is a registered nurse, saw Mr. Coleman's leg and was immediately alarmed. Ms. Coleman strongly suspected by looking at Mr. Coleman's leg, that he had suffered a severe muscular injury. Over the next several months, Ms. Coleman wrote numerous letters, and repeatedly called the office of the jail's superintendent and the medical department to inform them of the severity of Mr. Coleman's injury. However, Ms. Coleman's letters were ignored, and she was often treated with disdain over the phone. These individuals also advised Ms. Coleman that they were not going to evaluate Mr. Coleman's leg any further.

11. Mr. Coleman's medical condition continued to exponentially deteriorate. On July 11, 2012, medical staff at the facility finally evaluated Mr. Coleman and subjected him a Thompson Test. A Thompson Test is a test used to determine whether a patient has ruptured their Achilles tendon and involves the physical manipulation of the patient's leg to test for mobility. After conducting the Thompson Test, medical staff determined that Mr. Coleman had likely suffered a ruptured Achilles tendon.

12. A ruptured Achilles tendon is an emergent medical condition that requires immediate surgical intervention. In fact, the longer a ruptured tendon remains untreated, the more difficult it is to reattach.

13. Unbelievably, the facility waited more than two months to give Mr. Coleman an MRI. During this time, the only treatment that was provided to Mr. Coleman was ice therapy, which was only given to him 2-3 times per week despite the severe swelling and bruising he was experiencing.

14. On September 13, 2012, medical staff at the facility confirmed by MRI that Mr. Coleman had suffered a complete tear of his Achilles tendon. The MRI also showed that Mr. Coleman had also suffered a small rupture to another tendon in his leg. It is unclear whether this tendon ruptured on the day of the incident, or was caused by the strain placed on Mr. Coleman's leg over the months that he was forced to ambulate without treatment. This MRI also showed a 5-6cm gap between the ruptured Achilles tendons. This gap is significant and it was clear that Mr. Coleman needed immediate surgical intervention.

15. However, the facility did not refer Mr. Coleman for surgery at all that year. Rather, they placed Mr. Coleman in a medical boot and forced him to walk on his leg, causing him extreme pain, and further damaging the ruptured tendons. Placing an individual in a medical boot is not an accepted standard of medical care for someone suffering from an Achilles tendon rupture. During this time, Mr. Coleman repeatedly requested further medical treatment, but was denied.

16. On or about June 23, 2013, more than a year after the original injury, Mr. Coleman was transported to John Peter Smith Hospital in Fort Worth Texas for surgery. However, the surgeon at the hospital refused to do the surgery when she discovered that the MRI on file was

4

over a year old. The surgeon instructed the facility that Mr. Coleman immediately needed another MRI and surgery.

17. In or about August 2013, Mr. Coleman was given another MRI which again revealed the severity of his condition. The facility was supposed to schedule Mr. Coleman for surgery within 30 days of the MRI. Unsurprisingly, the facility again failed to schedule Mr. Coleman for surgery.

18. On or about June 21, 2014, two years from the date of the original injury, Mr. Coleman filed an administrative claim with the Bureau of Prisons regarding the inadequate medical treatment he received over the preceding two years. Within days of the filing, on or about July 8, 2014, Mr. Coleman finally received surgery. Mr. Coleman's surgery was long and difficult, wherein the surgeons made several unsuccessful attempts to reattach the tendons. Specifically, the surgeons tried to close the gap between the Achilles tendons with a tendon that had been removed from a toe in his left foot. Eventually, the surgeons determined that they were unable to close the gap with the tendon from Mr. Coleman's toe, and instead used a fiber wire to attach the tendons.

19. Despite having major surgery, Mr. Coleman was repeatedly denied meaningful medical treatment for his healing wounds. On several occasions, Mr. Coleman developed severe infections in his ankle, and on one occasion developed MRSA. These infections were caused by irregular changing of his bandages, and being denied consistent access to antibiotics.

20. Mr. Coleman's surgery only returned a small amount of mobility back to him. He continues to walk with a severe limp, and experiences significant pain in his ankle on a daily basis. Mr. Coleman's injury is permanent and he will never walk normally, and without pain, for the rest of his life. Moreover, Mr. Coleman has substantial scarring along most of his left leg, and cannot move his toe where the tendon was removed.

21. Had Mr. Coleman received timely and adequate medical treatment, he would not have suffered such severe injuries. In fact, patients who received adequate treatment within months of rupturing their tendons often make a full recovery. However, Mr. Coleman did not receive surgery for more than two years after his injury, and only received it after he filed an Administrative Tort claim. This delay is inexcusable and unjustifiable. In fact, Mr. Coleman's medical records at John Peter Smith Hospital reflect that his surgery was scheduled and "cancelled multiple times … for unknown reasons…" by the BOP.

22. Defendants knew or should have known that their actions violated clearly established law protecting the federal and statutory rights of Previn Coleman.

23. At all relevant times, and upon information and belief, the negligent conduct which caused Mr. Coleman's injuries were committed by employees and/or agents of the United States of America.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT UNITED STATES OF AMERICA

**--Violation of the Federal Tort Claim Act –
Medical Negligence/Medical Malpractice/Medical Indifference**

24. Plaintiff incorporates by reference and realleges each and every allegation stated here.

25. The actions of the Defendant's agents and employees, detailed above, violated Previn Coleman's rights under the Federal Tort Claim Act, as they were clearly negligent. Specifically, the Federal employees detailed above failed to provide Previn Coleman with appropriate medical treatment for over two years, resulting in permanent and severe injuries to Mr.

Coleman's leg. These injuries would have been eliminated had Mr. Coleman been provided with appropriate medical intervention when rupturing his Achilles tendon.

26. All of the individuals involved in the negligent conduct were acting in their capacity as agents and/or employees of the United States Government.

27. As a direct and proximate result of the acts described above, Previn Coleman has suffered irreparable and life-changing injuries.

## DEMAND FOR TRIAL BY JURY

28. The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Previn Coleman requests that this Honorable Court grant him the following relief:

A. A judgment in favor of Plaintiff against the Defendant for compensatory damages;

B. Any other relief that this Court finds to be just, proper and equitable.

Respectfully Submitted By:

Dated: October 14, 2015

_____
Kristin R. Brown, Esquire
Member of the Bar, USDC, ND Texas
THE LAW OFFICE OF KRISTIN R. BROWN, PLLC
18208 Preston Road, Suite D9375
Dallas, TX 75252
Telephone: 214.446.3909
Telecopier: 214.481.4848
Electronic Mail: kbrown@idefenddfw.com

Elmer Robert Keach, III, Esquire
Motion for Permanent Admission to be Filed
LAW OFFICES OF ELMER ROBERT
KEACH, III, PC
One Pine West Plaza, Suite 109
Albany, NY  12205
Telephone: 518.434.1718
Telecopier: 518.770.1558
Electronic Mail:
bobkeach@keachlawfirm.com

**ATTORNEY FOR PLAINTIFFS**

# EXHIBIT A

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Federal Bureau of Prisons (SCRO)<br>U.S. Armed Forces Reserve Complex<br>344 Marine Corps Drive<br>Grand Prairie, TX 75051 | Previn S. Coleman<br>Reg. No. 09990-040<br>3150 Horton Rd.<br>Fort Worth, TX 76119 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>07/24/1968 | 5. MARITAL STATUS<br>Divorced | 6. DATE AND DAY OF ACCIDENT<br>June 21, 2012 | 7. TIME (A.M. OR P.M.)<br>6:30pm |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

Following a sports related injury at the Federal Correctional Institution in Fort Worth, TX, in which my Achilles tendon was ruptured, medical staff failed to diagnose and treat the injury in a timely manner, which thus resulted in my suffering long-term effects from the negligence and malpractice. Staff have been inattentive to my medical needs, which has caused me undue pain and suffering.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Section 8 above.

**11. WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

**12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | $500,000.00 | | $5000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM<br>6-20-2014 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Prisons

South Central Regional Office

U.S. Armed Forces Reserve Complex
344 Marine Forces Drive
Grand Prairie, Texas 75051

**CERTIFIED MAIL**
7014 2120 0004 4301 3420

Maria K. Dyson, Esq.
One Pine West Plaza
Suite 109
Albany, New York 12205-5531



APR 2 0 2015

Re:   Administrative Tort Claim Number TRT-SCR-2014-04737
      COLEMAN, Previn; Reg. No. 09990-040

Ms. Dyson:

Your client's claim has been considered for administrative settlement under the Federal Tort Claims Act, Title 28, United States Code, Section 2672 *et seq.*, and authority granted by Title 28, Code of Federal Regulations, Section 0.172. Your client claims government liability in the amount of five hundred thousand and no/100 dollars ($500,000.00) for alleged personal injury.

The Federal Tort Claims Act § 2672 delegates to each Federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

Your client claims on June 21, 2012, at the Federal Correctional Institution in Fort Worth, Texas ("FCI Fort Worth") he ruptured his left Achilles tendon and medical personnel failed to timely diagnose and treat the injury causing undue pain and suffering.

An investigation into your client's claim revealed BOP staff provided timely and appropriate medical care for Mr. Coleman's left Achilles tendon rupture, to include medication, diagnostic testing, cryotherapy, physical therapy, specialist referral, and surgical repair. There is no evidence to indicate your client sustained any injuries caused by the negligent or wrongful act or omission of any United States employee acting within the scope of employment. Thus, your client's claim is denied.

SENSITIVE BUT UNCLASSIFIED

Letter to Maria Dyson, Esq.
TRT-SCR-2014-04737
Page 2

You are advised that if you are dissatisfied with our determination in this matter, you are afforded six months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

*Ben Briesch* /kz

Jason A. Sickler
Regional Counsel

cc:  Rodney W. Chandler, Warden
     FCI Fort Worth

JAS/jk

SENSITIVE BUT UNCLASSIFIED

U.S. OFFICIAL MAIL
PENALTY FOR PRIVATE USE $300
PITNEY BOWES
$ 003.78⁰
02 1P
0001126657   APR 15 2015
MAILED FROM ZIP CODE 75051

CERTIFIED MAIL

7014 2120 0004 4301 3420

Federal Bureau of Prisons
South Central Regional Office
U.S. Armed Forces Reserve Complex
344 Marine Forces Drive
Grand Prairie, Texas 75051

SCRO LEGAL

APR 2 0 2015

Maria K. Dyson, Esq.
One Pine West Plaza
Suite 109
Albany, New York 12205-5531